CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON HAEMMERLE,                     : | Civil Action No. 14-3290 (SRC) |
| Plaintiff,   : | |
| v.                                   : | **OPINION & ORDER** |
| VERIZON NEW JERSEY INC. et al.,      : | |
| Defendants. : | |

**CHESLER**, District Judge

     This matter comes before the Court on the informal motion to remand for lack of subject matter jurisdiction by Plaintiff Jason Haemmerle. Defendants Verizon New Jersey Inc. and Christopher Mroz (collectively, "Defendants") filed a Notice of Removal and Complaint in this Court on or about May 22, 2014. The Notice of Removal asserts that this Court has federal subject matter jurisdiction over this action by virtue of claims arising under federal law, pursuant to 28 U.S.C. § 1331. The Complaint contained sixteen claims, six arising under federal law and ten arising under the law of the State of New Jersey.

     On July 1, 2014, Plaintiff filed an Amended Complaint which contains only claims arising under the law of the State of New Jersey. Plaintiff then filed an informal motion asking for the case to be remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction.

     In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action.

Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand.  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992).  Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(d); see also Federal Rule of Civil Procedure 12(h)(3).  The Court, moreover, has an independent obligation to satisfy itself that it has subject matter jurisdiction over a case.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

Because Plaintiff has filed an Amended Complaint which contains no claims arising under federal law, and because there is no independent basis asserted for this Court's subject matter jurisdiction over this case, this Court now lacks original jurisdiction over this case.  In the absence of original jurisdiction, this Court lacks the power to adjudicate this case, and it must be remanded.

Because this Court lacks subject matter jurisdiction over this case, this case shall be remanded to the Superior Court of New Jersey.

For these reasons,

**IT IS** on this 7th day of July, 2014

**ORDERED** that this case is **REMANDED** to the Superior Court of New Jersey.

                                     s/Stanley R. Chesler
                                  STANLEY R. CHESLER, U.S.D.J.